ROYAL CIRCLE OF FRIENDS OF THE WORLD *v*. PAINE.

Opinion delivered April 8, 1912.

1.   INSURANCE—BENEFIT INSURANCE—EFFECT OF TENDER OF DUES.— Where a member of a mutual benefit association tenders his dues or

assessments to the proper officers of the association, and the tender is refused, there can be no forfeiture of his rights for nonpayment of dues and assessment. (Page 174.)

2.  SAME—BENEFIT INSURANCE—TENDER OF DUES.—Where the members of a local society of a mutual benefit association offered to pay the society's assessment at the time it became due, the suspension of such society for nonpayment thereof was unauthorized, and did not work a forfeiture of the certificate of insurance of a member. (Page 174.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*Carmichael, Brooks & Powers,* for appellant.

The evidence does not support the verdict. The payment was not made within the time required by the laws of the order, and no authority is shown for the local secretary receiving it. 80 Ark. 421; 81 Ark. 512; 85 Ark. 337; 97 Ark. 425.

*S. H. Mann* and *J. W. Morrow,* for appellee.

1.  The burden was on appellant to prove that the assessment was made, and that it was made by proper authority and in accordance with the laws of the society. No such proof was made or offered. 29 Cyc. 232 (D), and notes; *Id.* 233, and notes 62 and 63.

2.  The evidence shows that deceased offered to pay the assessment *when due,* and there could be no forfeiture. 29 Cyc. 178 (D).

3.  Appellant waived all question of delay by acceptance of the money. 137 S. W. 812; 67 Ark. 506.

HART, J. This action is brought on a benefit certificate of life insurance. The defense is based on a claim of forfeiture of the certificate for nonpayment of dues. The facts are substantially without dispute.

The Royal Circle of Friends of the World is a mutual benefit life insurance company, doing business under the laws of the State. The membership of the association is organized into local societies or lodges under the general government of a grand lodge, having jurisdiction over the order in the State. The funds from which benefit certificates are paid are accumulated by assessments levied and collected pursuant to the constitution and by-laws of the order.

Newt Paine was a member of the local lodge at Wheatley, Arkansas; Ulene Paine was his wife. In July, 1910, a certifi-

cate of insurance was issued on his life by the association in favor of his wife. On December 24, 1910, the association issued another certificate to Newt Paine, by which it agreed to pay $30 towards his burial expenses, should he die between November 1, 1910 and November 1, 1911. The assessment on this burial certificate was due November 1, 1910. James Mahone testified:

"I was local secretary of the Royal Circle of Friends of the World, at Wheatley, Arkansas. Newt Paine was a member of the lodge at this place. His dues were paid when he died. He died on December 25, 1910. He was the husband of Ulene Paine, and I accepted fifty cents from Newt Paine for the assessment of his burial certificate." On cross examination he testified; that Newt Paine took sick on December 19, 1910; that he went to Paine on December 22, 1910, and collected fifty cents for Paine's burial assessment, which was due on November 1, 1910. We quote from his cross examination as follows:

"Q. Was the lodge itself in good standing?

"A. The whole lodge was really unfinancial, for no member had paid the burial assessment which was due in November, and did not for more than thirty days after the tax was levied.

"Q. Did the local lodge at Wheatley bury Newt Paine?

"A. No, sir. The lodge refused to participate in the funeral ceremony.

"Q. Why did you not collect the amount due before 22d of December?

"A. I was instructed by the president of the local lodge not to collect any burial assessment because the burial assessment was unauthorized.

"Q. Did Newt Paine offer to pay?

"A. Yes. Along with other members when due. An officer of the grand lodge was present and stated in the local lodge that the local lodge should receive the assessment."

Dr. D. J. Williams for the defendant, testified: "I am an officer of the Royal Friends of the World. Newt Paine was a member of the local lodge at Wheatley. He had been suspended for the nonpayment of the burial tax, which had been levied against him. This assessment was due November 1, and Paine was suspended from the order at the date of his death."

The jury returned a verdict in favor of the plaintiff, Ulene Paine, in the sum of $330, and the case is here on appeal.

No objection was made and no exception saved to the instructions given by the court. The sole issue raised by the appeal is whether the testimony is sufficient to warrant the verdict.

It is contended by counsel for the defendant that Newt Paine was suspended from the association at the time of his death for nonpayment of his burial assessment.

"If a member of a mutual benefit insurance association tenders his dues or assessments to the proper officer of the society, and the tender is refused, there can be no forfeiture of his rights for nonpayment of dues and assessments." 29 Cyc. 178; *Foresters of America* v. *Hollis,* 70 Kan. 71; 3 American & English Ann. Cases, 535; *Sullivan* v. *Industrial Benefit Association,* 73 Hun (N. Y.) 319.

The secretary of the local lodge at Wheatley testified that Newt Paine offered to pay his burial assessment when it became due, on November 1, 1910. The question then is, was the secretary of the local lodge the proper officer of the society to whom the assessment should have been paid? The jury by its verdict, answered the question in the affirmative, and, we think, was warranted in doing so. The local secretary testified that an officer of the grand lodge was sent and stated in the local lodge that the local lodge should receive the assessment. This testimony was brought out on cross examination by the association, and is undisputed. Hence the jury was warranted in finding from his testimony that he was the proper officer to collect the dues and assessments. Having offered his dues in good faith to the proper officer and his tender having been refused, there could have been no rightful suspension of Newt Paine.

It is next contended by counsel for the defendant that the whole lodge at Wheatley was suspended on account of nonpayment of the burial assessment, and that the contract of insurance between the association and Newt Paine worked a forfeiture of his certificate of insurance because of this condition of the subordinate lodge. It is a sufficient answer to this contention to say that the members of the lodge at Wheatley offered to pay their burial assessment when the same became

due on the first of November, 1910, and, in the application of the rule above stated, there could have been no rightful suspension of the subordinate lodge.

It follows that the judgment will be affirmed.